NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL MARTINEZ-DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   14-72558<br><br>Agency No. A200-878-185<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Angel Martinez-Dominguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review questions of law de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Martinez-Dominguez's contention regarding his "imputed American nationality" because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The record does not compel the conclusion that Martinez-Dominguez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). We reject the contention that the agency failed to consider Martinez-Dominguez's evidence of alleged changed circumstances. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (The agency "does not have to write an exegesis on every contention.") (internal quotation marks omitted). Thus, Martinez-Dominguez's asylum claim fails.

Martinez-Dominguez does not challenge the agency's finding that he failed

14-72558

to establish past persecution. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). As for Martinez-Dominguez's claim of a fear of future persecution, the agency did not err in finding that Martinez-Dominguez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (explaining that "returning Mexicans from the United States" is not a cognizable social group). Thus, Martinez-Dominguez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Martinez-Dominguez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Martinez-Dominguez's contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring

14-72558

error to prevail on a due process claim); *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (an alien "attempting to establish that the [BIA] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**